IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLOTTE BELLAS, | : | No. 3:17cv342 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| LACKAWANNA COUNTY, | : | |
| LACKAWANNA COUNTY | : | |
| SHERIFF'S DEPARTMENT, | : | |
| SHERIFF MARK McANDREW, | : | |
| DEPUTY SHERIFF DAN EVANCHO, | : | |
| DEPUTY SHERIFF COREY GILROY, | : | |
| DEPUTY SHERIFF | : | |
| JOHN/JANE DOE(S) and | : | |
| RICHARD BELKO, JR., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is a motion to dismiss Plaintiff Charlotte Bellas's amended complaint filed by Defendants Lackawanna County, Lackawanna County Sheriff's Department and Sheriff Mark McAndrew. The parties have briefed their respective motions and the matter is ripe for disposition.

## **Background**

This case has its genesis in a state court custody dispute. Plaintiff Charlotte Bellas has two minor children. (Doc. 15, Am. Compl. ¶ 27). At the relevant time, the children were approximately seven and nine years old. (Id. ¶

27). Defendant Richard Belko, Jr. (hereinafter "Belko" or "Defendant Belko") is the natural father of the children. (Id. ¶ 28). Pursuant to a stipulated custody order, plaintiff and Belko shared legal custody of the children and plaintiff had primary physical custody. (Id. ¶ 29).

Plaintiff voluntarily committed herself to Wilkes-Barre Behavioral Hospital from June 10 to June 14, 2016. (Id. ¶ 40). During her hospital stay, Belko had physical custody of the children. (Id. ¶ 35). Upon her release from the hospital, plaintiff arrived at Belko's apartment to resume primary custody of the children pursuant to the stipulated custody order. (Id. ¶ 42).

Belko resisted returning the children to plaintiff's custody and police intervention was needed. (Id. ¶ 43). The following day, Belko petitioned the court for emergency special relief in custody. (Id. ¶ 44). According to the plaintiff, Belko made several misrepresentations in the petition, including the assertion that the children were in danger. (Id. ¶ 46). The county court granted Belko temporary physical and legal custody of the children. (Id. ¶ 47). The day after the court entered the order, Defendants Evancho and Gilroy, both deputy sheriffs, attempted to effectuate the custody order at plaintiff's residence. (Id. ¶ 48).

After ringing the doorbell and receiving no response, Evancho and Gilroy broke down the door of the residence. (Id. ¶¶ 49-50). During this time, these

2

deputy sheriffs were in telephone contact with Defendant Belko who encouraged them to break into the residence. (Id. ¶ 51). Plaintiff was in the bathtub at the time and after hearing the sounds of the forceful entry, she got out of the tub and began walking down the interior staircase wearing only a towel. (Id. ¶ 55). Plaintiff's two minor children and her minor nephew, aged ten, were also in the house, upstairs and crying hysterically as a result of the commotion. (Id. ¶ 55). Plaintiff turned and attempted to go back up the stairs to attend to their needs when Defendant Evancho tasered her. (Id. ¶ 56). The tasing caused plaintiff to suffer excruciating pain, and plaintiff fell down several steps. (Id. ¶¶ 58-59). The fall caused plaintiff to suffer injury to her low back, neck and head. (Id. ¶ 59). She also suffered burns on her back from the tasing. (Id.)

Plaintiff laid on the floor in pain and naked. She was arrested and placed in handcuffs in front of her crying children. (Id. ¶ 60). Her children protested their mother's arrest and placement with Defendant Belko. (Id.)

Evancho and Gilroy initiated criminal proceedings against plaintiff. They charged her with disorderly conduct and harassment. (Id. ¶ 62). She spent approximately three (3) hours in custody at the Lackawanna County Prison and was released with bail conditions which restricted her liberty. (Id.) The Lackawanna County District Attorney's Office later withdrew the charges against the plaintiff. (Id. ¶ 70). This civil rights lawsuit followed on February 23, 2017.

Plaintiff's complaint raises the following five causes of action: Count 1, Federal Civil Rights Violations under 42 U.S.C. § 1983 (Monell Liability); Count 2, Violation of Civil Rights; Count 3, Civil Rights Violation/Conspiracy; Count 4, Supplemental State Law Claims; and Count 5, Supplement State Law Claim against Belko only. Defendants Lackawanna County, Lackawanna County Sheriff's Department and Sheriff Mark McAndrew (hereinafter "defendants" or "moving defendants") now move for dismissal of portions of the amended complaint.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint,

the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d

5

Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Plaintiff has brought suit pursuant to 42 U.S.C. § 1983. To establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under of color of state law. Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). Section 1983 does not, by its own terms, create substantive rights. Rather, it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws. United States v. Kneipp, 95 F.3d 1199, 1204 (3d Cir. 1996). In the instant case, it appears that there is no question but that the plaintiff has properly alleged the deprivation of a federal right. Thus, the issue with which we are presented is whether the defendants are persons who can be sued under section 1983 for the alleged constitutional violations.

Defendants argue that the County Sheriff's Office should be dismissed as a defendant. The basis for this argument is that the Sheriff's Department is a unit of Lackawanna County government. As such it does not have an independent corporate existence and is not a person that can be sued under section 1983.

We agree.  See Garcia v. County of Bucks, Pa., 155 F. Supp. 2d 259, 263 n.4 (citing Bonenberger v. Plymouth Twp., 132 F.3d 20, 26 n.4 (3d Cir. 1997)("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability."). Accordingly, the Sheriff's Department will be dismissed as a party.[1]

As noted above, the plaintiff raises civil rights claims under 42 U.S.C. § 1983 against the defendants.  The deputy sheriffs who directly took part in the alleged violations, Defendants Evancho and Gilroy, may be held directly liable under section 1983.  The other defendants, those who did not directly take part in the incident, cannot be held vicariously liable for the civil rights violations.  Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978).   Several possible avenues exist, however, for plaintiff to pursue a civil rights claim against these defendants.   They could potentially be liable under the "supervisory liability" theory or the Monnell municipal liability theory.   It appears in the instant case, that plaintiff advances a claim based on Monell liability.[2]

---

[1] Plaintiff did not respond to this argument in her opposition brief.
[2] Supervisory liability is available where a supervisor participated in violating the plaintiff's rights, directed others to do so or had knowledge of and acquiesced in his subordinates violations.  A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).  Defendants addressed this issue in their brief and argued that it is inapplicable to the instant case.  Plaintiff does not address the issue of supervisory liability in her opposition brief, thus, we presume that she does not seek to base her claim on supervisory liability at this time.

Under the standard first articulated in <u>Monell v. Dept. of Soc. Servs.</u>, "local governing bodies . . . can be sued directly under § 1983 . . . where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." <u>Monell v. Dept. of Soc. Servs. of the City of New York</u>, 436 U.S. 658, 690 (1978). Thus, "[a] public entity . . . may be held liable for the violation of a constitutional right under 42 U.S.C. § 1983 only when the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy." <u>Reitz v. County of Bucks</u>, 125 F.3d 139, 144 (3d Cir. 1997). Liability exists when " 'there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" <u>Brown v. Muhlenberg Twp.</u>, 269 F.3d 205, 214 (3d Cir.2001) (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989)).

Plaintiff's amended complaint adequately alleges that the individual defendants' actions against her were the result of municipal policy or custom. It alleges that the moving defendants:

> have encouraged, tolerated, ratified and have been
> deliberately indifferent to the following patterns, practices
> and customs and to the need for more or different
> training, supervision, investigation or discipline in the
> areas of: (a) the use of unreasonable force, excessive
> force and unlawful arrest by deputy sheriffs; (b) the failure

8

>
> to identify and take remedial or disciplinary action against deputy sheriffs who were the subject of prior civilian or internal complaints of misconduct; (c) the proper exercise of police power, including, but not limited to, deputy sheriffs' use of their status as law enforcement to employ the use of excessive force and unlawful arrest, or to achieve ends not reasonably related to their law enforcement duties; (d) the failure of sheriff's deputies to follow established policies, procedures, directives and instructions regarding entering a premises without a warrant and/or probable cause, the circumstances under which exigent circumstances are present allowing for a forced entry; (e) the failure of sheriff's deputies to follow established polices [sic], procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein; (f) the proper use of tasers, including alternatives to taser use; and (g) failure to properly sanction or discipline deputy sheriffs who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other deputy sheriffs, thereby causing and encouraging deputy sheriffs, including Defendants Evancho and Gilroy in this case, to violate the rights of citizens such as Plaintiff with impunity.

(Doc. 15, Am. Comp.. ¶ 75).

In this paragraph, the plaintiff sets out her assertions that the individual defendant's actions resulted from, *inter alia,* improper training and supervision. A municipality's failure to train its employees may represent a policy that will support municipal liability. <u>Stoneking v. Bradford Area Sch. Dist.</u>, 882 F.2d 720, 725 (3d Cir. 1989). Thus, we find that the plaintiff's amended complaint sufficiently pleads a <u>Monell</u> liability claim against the moving defendants, and their motion to dismiss will be denied.

Defendants argue that the plaintiff has failed to "establish" municipal liability. Establishing liability at this stage of the proceedings, however, is not necessary. All that is needed is for the plaintiff to probably allege municipal liability. The issue of "establishing" the claim may be better addressed at a later stage of the proceedings, such as trial, when the facts have been developed. Notably, the two cases which the defendant primarily relies on, are cases that actually went to trial, not cases dealing with motions to dismiss prior to trial. See Pembaur v. City of Cincinnatti, 475 U.S. 469 (1986) and Connick v. Thompson, 563 U.S. 51 (2011).

**Conclusion**

For the reasons set forth above, we find that the plaintiff has sufficiently alleged section 1983 liability against Defendants Lackawanna County and Sheriff Mark McAndrew. The motion to dismiss will be denied as to these defendants. The motion to dismiss will, however, be granted with respect to Defendant Lackawanna County Sheriff's Department, because it is not a separate entity which may be sued under section 1983. An appropriate order follows.

**Date: Feb. 2, 2018**

                                      **s/ James M. Munley**
                                      **JAMES M. MUNLEY**
                                      **United States District Court**